## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WEAVER'S COVE ENERGY LLC <br> 1 New Street <br> Fall River, MA 02720, <br><br>     Plaintiff, <br><br>       v. <br><br> UNITED STATES DEPARTMENT OF <br> THE INTERIOR, <br> 1849 C Street, NW <br> Washington, D.C. 20240, <br>       -and- <br> NATIONAL PARK SERVICE, an agency <br> of UNITED STATES DEPARTMENT <br> OF THE INTERIOR, <br> (same address as above) <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Weaver's Cove Energy LLC ("Weaver's Cove") complains as follows.

1.    This is an action for declaratory and injunctive relief under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* ("FOIA"), concerning the failure of the United States Department of the Interior ("DOI") and the United States National Park Service ("NPS") to comply with a request to provide documents and information within their possession and control.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201.    Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**PARTIES**

3.     Plaintiff Weaver's Cove is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Fall River, Massachusetts. Weaver's Cove has proposed to develop a Liquefied Natural Gas ("LNG") marine receiving and storage terminal on the bank of the Taunton River in Fall River, Massachusetts.

4.     Defendant DOI is a department of the United States Government. Defendant NPS is an agency within DOI. Both DOI and NPS are agencies of the United States Government as that term is defined under FOIA, *see* 5 U.S.C. § 552(f)(1), and they have possession and control of the documents and records that Weaver's Cove seeks. NPS is charged with administering the Wild and Scenic Rivers Act. 16 U.S.C. §§ 1271-1287. As part of its duties under the Taunton River Wild and Scenic River Study Act of 2000, Pub. L. No. 106-318, 114 Stat. 1278, NPS issued the *Taunton River Stewardship Plan* (2005) (the "Plan") and *Taunton River Wild and Scenic River Study Draft Report and Environmental Assessment* (2007) (the "Study"). This lawsuit concerns Weaver's Cove's subsequent FOIA requests for documents relevant to the Plan and the Study.

**FACTS**

5.     On August 20, 2007, Weaver's Cove, acting by and through its counsel Bruce F. Kiely, filed a request for information (the "August 20 Request") under FOIA, requesting that the NPS provide, *inter alia*, copies of documents associated with the Plan and the Study. A true and correct copy of that request is attached to this Complaint and incorporated as Attachment A. The August 20, 2007 Request sought all correspondences sent or received by NPS regarding the Plan and the Study, including communications between NPS and federal, state, and local officials.

2

Weaver's Cove also requested "[a]ll studies, reports, data, or other materials relied on or referenced by NPS in preparing the Plan," and "[a]ll studies, reports, or other materials" prepared by NPS in the course of preparing the Study and the Plan.

6.      By letter dated October 26, 2007 and signed by NPS Northeast Regional Director, Dennis R. Reidenbach (the "October 26 Response"), NPS granted in part and denied in part Plaintiff's August 20 Request. A true and correct copy of that letter (without accompanying documents) is attached to this Complaint and incorporated as Attachment B. As part of the October 26 Response, NPS provided Weaver's Cove with copies of some documents, but claimed that all other materials within its possession were exempt from mandatory disclosure because of the exemption under 5 U.S.C. § 552(b)(5) for inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency ("Exemption 5"). NPS estimated that nearly 640 pages of responsive material was withheld from disclosure under the exemption. NPS did not provide a *Vaughn* index — that is, it did not list or describe the documents that were withheld from disclosure, or explain how Exemption 5 applied to them.

7.      In a letter dated November 21, 2007 (the "November 21 Letter"), Weaver's Cove informed NPS of its concerns about NPS's October 26 Response. Specifically, Weaver's Cove expressed the concern that NPS may have invoked an overly-broad application of Exemption 5, and may have failed to segregate and release factual information from the withheld materials as is required under 5 U.S.C.§ 552(b). The November 21 Letter concluded by posing two questions: 1) whether any of the withheld materials involved communications with local, state, or Congressional officials; and 2) notwithstanding the material released in the October 26 Response, whether NPS had released all information relevant to the Study and the Plan not

3

covered by Exemption 5. A true and correct copy of that letter is attached to this Complaint and incorporated as Attachment C.

8.    In a letter dated December 10, 2007, signed by NPS official Jamie Fosburgh, NPS stated that "[n]one of the withheld materials involve communications with local, state, or Congressional Officials." The Agency also stated its belief that, concerning the Study and the Plan, it had "supplied all of the relevant materials." A true and correct copy of that letter is attached to this Complaint and incorporated as Attachment D.

9.    In a letter dated December 4, 2007, Weaver's Cove filed an administrative appeal of the October 26 Response. The administrative appeal argued that NPS had violated FOIA and its own regulations and internal guidelines by failing to disclose communications between itself and third parties not covered by any exemption to FOIA, by failing to identify the specific material or records withheld in the October 26 Response, and by failing to segregate and release factual information contained in the materials NPS claimed were exempt from disclosure. A true and correct copy of that letter is attached to this Complaint and incorporated as Attachment E.

10.    In a letter dated January 7, 2008, signed by FOIA Appeals Officer Darrell R. Strayhorn, DOI acknowledged that it had received Weaver's Cove's administrative appeal on December 5, 2007. DOI notified Weaver's Cove that it would be unable to make a determination upon the appeal within twenty workdays as required by 5 U.S.C. § 552(a)(6)(A)(ii). DOI further acknowledged Weaver's Cove's right to seek judicial review under 5 U.S.C. § 552(a)(4)(B). A true and correct copy of that letter is attached to this Complaint and incorporated as Attachment F.

11.    In a facsimile transmission dated January 15, 2008, NPS provided to Weaver's Cove copies of several communications within its possession that had been sent from local and Congressional officials to Mr. Fosburgh but had not been included in NPS's October 26 Response. Several of these documents were directly responsive to the August 20 Request. NPS offered no explanation why these materials had not been provided to Weaver's Cove in the October 26 Response. A true and correct copy of that facsimile is attached to this Complaint and incorporated as Attachment G.

## VIOLATIONS OF FOIA

12.    Defendants still have not provided to Weaver's Cove all of the documents Weaver's Cove requested.

13.    Defendants have failed to provide Weaver's Cove with a *Vaughn* Index of the documents withheld from NPS's October 26 Response, describing each document withheld along with a detailed justification for the nondisclosure of each document. Defendants also have not provided Weaver's Cove with any additional information regarding the withheld documents.

14.    Defendants have made no discernable effort to release reasonably segregable information not exempt from disclosure contained in portions of records exempted from disclosure by FOIA. In so doing, Defendants have violated 5 U.S.C. § 552(b), which requires such segregation and release.

15.    Defendants have failed to conduct a good-faith search reasonably calculated to locate documents responsive to the August 20 Request. Defendants also have failed to explain the methodology of the search NPS conducted in connection with the initial October 26 Response, and have failed to explain why that initial search did not result in the location and

disclosure of the documents later provided in NPS' January 15 facsimile.

16.    Defendants have failed to meet the twenty-day limit for responding to an appeal as required by 5 U.S.C. § 552(a)(6)(A)(ii).

17.    Weaver's Cove is deemed to have fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

18.    The information and records sought by Weaver's Cove are within the possession and control of the Defendants and have been improperly withheld in violation of FOIA. Weaver's Cove has a statutory right to the material that it seeks, and there is no legal basis for the Defendants' failure to produce that material.

## PRAYER FOR RELIEF

WHEREFORE Weaver's Cove asks that this Court:

(A)    Declare that the Defendants' withholding of the material sought by Weaver's Cove's August 20 Request is unlawful under FOIA;

(B)    Order that Defendants make available to Weaver's Cove the material requested in the August 20 Request;

(C)    Award Weaver's Cove its costs, reasonable attorneys' fees, and other disbursements; and

(D)    Grant such other and further relief as the Court may deem just and proper.

6

Respectfully submitted,

_____
Bruce F. Kiely (DC Bar No. 223024)
Joshua A. Klein (DC Bar No. 489078)
BAKER BOTTS L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2400
Telephone:  (202) 639-7700
Fax:  (202) 585-7890
E-mail:  bruce.kiely@bakerbotts.com

*Counsel for Weaver's Cove Energy, LLC*

Dated: January 22, 2008

# Attachment A

# BAKER BOTTS LLP

THE WARNER       AUSTIN
1299 PENNSYLVANIA AVE., NW   BEIJING
WASHINGTON, D.C.      DALLAS
20004-2400         DUBAI
              HONG KONG
TEL +1 202.639.7700     HOUSTON
FAX +1 202.639.7890     LONDON
www.bakerbotts.com     MOSCOW
              NEW YORK
              RIYADH
              **WASHINGTON**

August 20, 2007

Bruce F. Kiely
(202) 639-7711
(202) 585-1035 – Fax
bruce.kiely@bakerbotts.com

Annette Sasso
National Park Service
Northeast Region (NER)
US Customs House, 3rd Floor
200 Chestnut Street
Philadelphia, PA 19106

> Re:    Taunton River Stewardship Plan and Wild and Scenic River
> Designation (2005) ("The Plan")
> and
> Taunton Wild and Scenic River Study 2007 ("The Study")

Dear Ms. Sasso:

       This request under the Freedom of Information Act, 5 U.S.C. § 552, relates to each of the above-referenced documents prepared and issued by the National Park Service ("NPS").

I.     As to the Plan, please provide a copy of each of the following:

     A.     All correspondence received by the NPS or sent by the NPS regarding the Plan, between January 1, 1999, and the date of this FOIA request;

     B.     All correspondence received by the NPS or sent by the NPS to and from all local, state and federal elected officials regarding the Plan between January 1, 1999, and the date of this request if not covered by I.A above;

     C.     All e-mails, facsimiles or other electronic communications received by the NPS or sent by the NPS regarding the Plan between January 1, 1999, and the date of this request not included in the responses to I.A and I.B above;

     D.     All notes or summaries of meetings, telephone conferences or other activities among NPS officials, and between NPS officials and any third parties regarding the Plan including, but not limited to, local, state and federal elected and non-elected officials between January 1, 1999 and the date of this request;

     E.     All studies, reports, data, or other materials relied on or referenced by NPS in preparing the Plan (including all studies, reports, data, or other materials in the possession of NPS at the time of preparation of the Plan yet not incorporated into the final version of the Plan);

**BAKER BOTTS** LLP

Ms. Annette Sasso                          - 2 -                          August 20, 2007

> F.   All studies, reports, or other materials prepared by NPS or its agents and delegees in the course of preparing the Plan;
>
> G.   All reports, minutes, summaries of meetings or telephone calls or other materials regarding the Plan prepared by or received by the Taunton River Stewardship Council of which NPS employee Jamie Fosburgh was a member from January 1, 1999, to the date of this request;
>
> H.   To the extent not included in the NPS' response to I.F, all reports, minutes, summaries of meetings or telephone calls or other materials regarding the Plan prepared by or received by the LNG Subcommittee of the Taunton River Stewardship Council from January 1, 1999, to the date of this request;
>
> I.   All correspondence and communications of any kind sent by NPS or received by NPS including notices as to the Plan from landowners along the Upper and Lower Taunton River from January 1, 1999, to the date of this request;
>
> J.   All documents providing the identities and mailing addresses of each individual participating on the Stewardship Council;
>
> K.   All documents, notes, or other materials containing or referencing membership lists for each subcommittee, formal or informal, of the Stewardship Council; as well as the dates and mints of any such subcommittees;
>
> L.   All correspondence and communications of any kind between NPS/Stewardship Council and cities/towns;
>
> M.   All correspondence and communications of any kind between NPS/Stewardship Council and other federal agencies (including but not limited to the Federal Energy Regulatory Commission, the U.S. Army Corps of Engineers, and the U.S. Coast Guard).

II.   As to the Study, please provide a copy of each of the following:

> A.   All correspondence received by the NPS or sent by the NPS regarding the Study between January 1, 1999, and the date of this FOIA request;
>
> B.   All correspondence received by NPS or sent by the NPS to and from are local, state and federal elected officials regarding the Study between January 1, 1999, and the date of this request if not covered by II.A above;
>
> C.   All e-mails, facsimiles or other electronic communications received by the NPS or sent by the NPS regarding the Study not included in the responses to II.A and II.B above, between January 1, 1999, and the date of this request;

DC01:480715.3

**BAKER BOTTS** LLP

Ms. Annette Sasso                              - 3 -                              August 20, 2007

D.   All notes or summaries of meetings, telephone conferences or other activities regarding the Study among NPS officials, and between NPS officials and any third parties including, but not limited to, local, state and federal elected and non-elected officials between January 1, 1999 and the date of this request;

E.   All studies, reports, data, or other materials relied on or referenced by NPS in preparing the Plan (including all studies, reports, data, or other materials in the possession of NPS at the time of preparation of the Plan yet not incorporated into the final version of the Plan);

F.   All studies, reports, or other materials prepared in the course of preparing the Study;

G.   All documents or other records identifying the location of the object of each picture included in the Study, the date the picture was taken and the identity of the person who took the picture and provide an uncropped version of each picture;

H.   All drafts, or portions thereof, of the Study and identify the author of such drafts;

I.   All reports, minutes, summaries of meetings or telephone calls or other materials prepared by or received by the Taunton River Stewardship Council of which NPS employee Jamie Fosburgh was a member from January 1, 1999, to the date of this request;

J.   To the extent not included in NPS' response to II.H above, all reports, minutes, summaries of meetings or telephone calls or other materials prepared by or received by the LNG Subcommittee of the Taunton River Stewardship Council from January 1, 1999, to the date of this request;

K.   All documents, correspondence, communications, or other information pertaining to or describing the identities of the members of "the study team" (as referenced on page 8 of the Study), or pertaining to or describing the members' professional backgrounds, professional qualifications, or other information related to "the professional judgment of the study team" (as referenced on page 8 of the Study);

L.   All correspondence and communications of any kind sent by NPS or received by NPS including notices as to the Study from landowners along the Upper and Lower Taunton River from January 1, 1999, to the date of this request.

M.   To the extent not already provided in the Study, all documents providing the identities and mailing addresses of each individual participating on the Stewardship Council;

N.   All documents, notes, or other materials containing or referencing membership lists for each subcommittee, formal or informal, of the Stewardship Council; as well as the dates and mints of any such subcommittees;

**BAKER BOTTS** LLP

Ms. Annette Sasso                    - 4 -                    August 20, 2007

O.    All correspondence and communications of any kind between NPS/Stewardship Council and cities/towns;

P.    All correspondence and communications of any kind between NPS/Stewardship Council and other federal agencies (including but not limited to the Federal Energy Regulatory Commission, the U.S. Army Corps of Engineers, and the U.S. Coast Guard).

The name, address and telephone number to which communications regarding this request should be directed are as follows:

Bruce F. Kiely
Baker Botts L.L.P.
1299 Pennsylvania Ave., NW
Washington, DC  20004-2400
Telephone:  (202) 639-7711
Fax:  (202) 585-1035
E-mail:  bruce.kiely@bakerbotts.com

Please address the requested material to me at the address set forth above.  If you have any questions concerning this request, please contact me by telephone at the number set forth above.

Respectfully submitted,

Bruce F. Kiely
Attorney for
Weaver's Cove Energy, LLC

cc:    Gordon Shearer
       Ted Gehrig

DC01:480715.3

# Attachment B



IN REPLY REFER TO:

## United States Department of the Interior

NATIONAL PARK SERVICE
Northeast Region
United States Custom House
200 Chestnut Street
Philadelphia, PA 19106

A7221(NER)

OCT 2 6 2007

Bruce F. Kiely
Baket Botts L.L.P.
1299 Pennsylvania Ave, NW
Washington, DC 20004-2400

Dear Mr. Kiely:

This is in response to your Freedom of Information Act (FOIA) request dated August 20, 2007, received in this office on August 22, 2007, and assigned FOIA #07-72. Thank you for your payment in advance of $778, received in our Boston office on September 27, 2007.

In your request, you sought a variety of information and documents related to the Taunton Wild and Scenic River Study and Taunton River Stewardship Plan. The National Park Service has located approximately 3,000 pages of materials responsive to your request which we are enclosing with the following exceptions:

Approximately 640 pages of materials are being withheld because they reflect the personal opinions, recommendations, and advice of staff members, and were used to arrive at a final agency decision. Disclosure of such material would inhibit the open and candid expression of such views in similar future deliberations, could confuse the public as to the official agency position on an issue, and have a detrimental effect on our decision making process. Therefore, we are withholding the materials pursuant to exemption 5 of the FOIA (5 U.S.C. 552(b)(5), which permits an agency to withhold "interagency or intra-agency memorandums or letters that would not be available by law to a party…in litigation with the agency."

Our initial estimate of the costs for the bureau to process your request was $778, calculated as follows: 1000 pages of duplication at $.13 per page and 12 hours of search/review time, Managerial, GS-13 and above ($13.50 per quarter hour). The actual costs exceeded this estimate in both number of pages copied and search/review time. However, since we did not notify you in advance of the additional costs, we are not requesting additional payment from Weaver's Cove Energy.

In addition to myself, the official responsible for this partial denial is Jamie Fosburgh, Rivers Program Manager, Northeast Region – Boston. This decision was made in consultation with

2

Katherine Costenbader, Attorney-Advisor, Department of the Interior, Office of the Solicitor.  In accordance with 43 CFR 2.28(a)(1), you may appeal this partial denial to:

> Freedom of Information Act Appeals Officer
> Office of the Chief Information Officer
> U.S. Department of the Interior
> 1849 C Dtreet, NW
> MS-5312, MIB
> Washington, DC 20240

Your appeal must be in writing and received no later than 30 workdays after the date of this letter or 30 workdays after the records have been made available.  A copy of your original request and this denial letter should accompany the appeal as well as a brief statement of the reasons why you believe this initial decision to be in error.  The appeal should be marked "FREEDOM OF INFORMATION APPEAL" both on the envelope and the face of the letter.

If you have any questions, please contact Jamie Fosburgh at (617) 223-5191.

Sincerely,

*Joanne C. Bruce*

Dennis R. Reidenbach
Regional Director
Northeast Region

# Attachment C

# BAKER BOTTS LLP

THE WARNER
1299 PENNSYLVANIA AVE., NW
WASHINGTON, D.C.
20004-2400

TEL  +1 202.639.7700
FAX  +1 202.639.7890
www.bakerbotts.com

AUSTIN
BEIJING
DALLAS
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
NEW YORK
RIYADH
**WASHINGTON**

November 21, 2007

Bruce F. Kiely
(202) 639-7711
(202) 585-1035 – Fax
bruce.kiely@bakerbotts.com

Dennis R. Reidenbach
National Park Service
Northeast Region (NER)
US Customs House, 3rd Floor
200 Chestnut Street
Philadelphia, PA 19106

*Via Overnight Courier*

Re:    FOIA Request A7221 (NER)

Dear Mr. Reidenbach:

In a letter dated August 20, 2007, Baker Botts L.L.P., in its capacity as counsel for Weaver's Cove Energy, LLC ("Weaver's Cove") and Mill River Pipeline, LLC ("Mill River"), filed a request under the Freedom of Information Act ("FOIA") requesting certain types of documents ("Requested Information") associated with the Taunton River Stewardship Plan and Wild and Scenic River Designation (2005) ("The Plan") and the Taunton Wild and Scenic River Study 2007 ("The Study") pursuant to the Freedom of Information Act, 5 U.S.C. § 552 and the Department of Interior's implementing regulations, 43 C.F.R. § 2.1 et seq. On October 26, 2007, the National Park Service ("NPS") responded to this request, providing some of the requested documents. In addition to releasing these documents, NPS indicated that it had withheld a significant number of documents, claiming the deliberative process exemption from FOIA pursuant to 5 U.S.C. § 552(b)(5) and 43 C.F.R. Part 2, Appendix E(5).

This response by NPS may not comply with FOIA because of the limited scope of communications to which the deliberative process privilege applies. Agency communications must be "intra-agency" or "inter-agency." Thus, the exemption only applies to communications within the NPS, or between the NPS and other *federal* agencies. *People for the American Way Foundation v. U.S. Department of Education*, Civil Action No. 05-751, 2007 WL 2800387 at *6 (D.D. C. Sept. 26, 2007). While intra-agency status has been applied, on a limited basis, to agency communications with various outside "consultants," the Supreme Court has stated that such consultants have typically "not communicated with the Government in their own interest or on behalf of any person or group whose interests might be affected by the Government action addressed by the consultant." *Department of Interior and Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 3, 121 S.Ct. 1060, 1063 (2001) (finding that the position of a Tribe seeking water rights adverse to other potential claimants was a "far cry from that of a paid consultant."). *Id.*; *People for the American Way*, 2007 WL 2800387 at *9 (denying to classify the District of Columbia Mayor's Office as a "consultant" for the deliberative process exemption noting the interested constituencies it represents). Weaver's Cove and Mill River would also note that Congress is explicitly exempted from the definition of an "agency" in the statutory definitions governing the Freedom of Information Act. *See* 5 U.S.C. § 551(1)(A)

**BAKER BOTTS** LLP

Ms. Annette Sasso                              - 2 -                              November 21, 2007

(2007). Therefore, communications between NPS and Congress cannot be considered "inter-agency" communications for the purpose of the deliberative process exemption..

      The NPS response and claim of the deliberative process exemption also raises issues as to the dearth of factual information provided in the response to the initial FOIA request. It is well established that even when an agency has properly claimed a deliberative process exemption under 5 U.S.C. § 552(b)(5), the exemption only applies to materials that are *deliberative* in nature. Documents containing facts are not exempt. The Supreme Court has recognized a distinction between "materials reflecting deliberative or policymaking processes on the one hand, and purely factual, investigative matters on the other." *Envt'l Protection Agency v. Mink*, 410 U.S. 73, 89 (1973); *see People for the American Way Foundation v. National Park Service*, 503 F.Supp.2d 284, 301 (D.D.C. 2007) (holding that a list of "potential experts" that could be utilized for consultation on historical accuracy by NPS was purely factual and not subject to the deliberative process exemption). Thus, the exemption does not apply to purely factual information, even that which is contained in documents that are otherwise covered by the exemption. *See* 5 U.S.C. 552(b) (2006) ("Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection."); *Coastal States Gas Corp. v. Department of Energy*, 617. F.2d 854, 867 (D.C. Cir. 1980). An agency must segregate and release purely factual material unless such material is "inexorably intertwined" with the deliberative process of the agency. *See Animal Legal Defense Fund, Inc. v. Department of the Air Force*, 44 F.Supp.2d 295, 302 (D.D.C. 1999).

      In light of the concerns about the scope of NPS response, Weaver's Cove and Mill River pose two additional inquiries:

    1)    Have any of the materials that have been withheld from the NPS response to the August 20, 2007 request involved communications with local, state, or Congressional officials?

        and

    2)    Notwithstanding the materials already provided in response to the Weaver's Cove/Mill River FOIA request of August 20, 2007, has NPS provided all information relevant to the Study and/or the Plan not covered by the deliberative process exemption?

      This letter is submitted pursuant to the Department of Interior regulations found in 43 C.F.R. 2.28(b), with the goal that these concerns may be addressed quickly and without the necessity for an appeal. However, Weaver's Cove and Mill River reserve the right to file such an appeal.

DC01:487376.2

**BAKER BOTTS** LLP

Ms. Annette Sasso                              - 3 -                              November 21, 2007

The name, address and telephone number to which communications regarding this request should be directed are as follows:

>    Bruce F. Kiely
>    Baker Botts L.L.P.
>    1299 Pennsylvania Ave., NW
>    Washington, DC 20004-2400
>    Telephone: (202) 639-7711
>    Fax: (202) 585-1035
>    E-mail: bruce.kiely@bakerbotts.com

Please address responses to me at the address set forth above. If you have any questions concerning this communication please contact me by telephone at the number set forth above.

Respectfully submitted,

*B F Kiely*

Bruce F. Kiely
Attorney for
Weaver's Cove Energy, LLC

cc:     Gordon Shearer, CEO, Weaver's Cove Energy, LLC
        Ted Gehrig, President and COO, Weaver's Cove Energy, LLC

DC01:487376.2

# Attachment D



# United States Department of the Interior

### NATIONAL PARK SERVICE
Northeast Region Office
15 State Street
Boston, Massachusetts 02109-3572

IN REPLY REFER TO:

December 10, 2007

Bruce F. Kiely
Baket Botts L.L.P.
1299 Pennsylvania Ave, NW
Washington, DC 20004-2400

Dear Mr. Kiely:

This is in response to your letter dated November 21, 2007 in which you pose two follow-up questions related your earlier Freedom of Information Act (FOIA) request dated August 20, 2007, and responded to by the NPS on October 26, 2007.

The first question posed is:

1) Have any of the materials that have been withheld from the NPS response to the August 20, 2007 request involved communications with local, state, or Congressional officials?

The answer to this question is no. None of the withheld materials involve communications with local, state, or Congressional officials.

The second question posed is:

2) Notwithstanding the materials already provided in response to the Weaver's Cove/Mill River FOIA request of August 20, 2007, has NPS provided all information relevant to the Study and/or the Plan not covered by the deliberative process exemption?

The answer to this question is yes. We believe we have supplied all of the relevant materials.

If you have any questions, please contact Jamie Fosburgh at (617) 223-5191.

Sincerely,

Jamie Fosburgh
Rivers Program Manager, NER-Boston

# Attachment E



BAKER BOTTS LLP

THE WARNER
1299 PENNSYLVANIA AVE., NW
WASHINGTON, D.C.
20004-2400

TEL +1 202.639.7700
FAX +1 202.639.7890
www.bakerbotts.com

AUSTIN
BEIJING
DALLAS
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
NEW YORK
RIYADH
**WASHINGTON**

December 4, 2007

Bruce F. Kiely
(202) 639-7711
(202) 585-1035 – Fax
bruce.kiely@bakerbotts.com

Freedom of Information Act Appeals Officer
Office of the Chief Information Officer
U.S. Department of the Interior
1849 C Street, NW
MS-5312, MIB
Washington, DC 20240

*Via Hand Delivery*

Re:     FREEDOM OF INFORMATION ACT APPEAL
        [FOIA # 07-72]

Dear FOIA Appeals Officer:

        Weaver's Cove Energy, LLC and Mill River Pipeline, LLC (together, "Appellants") hereby appeal the denial by the National Park Service ("NPS" or "the agency") of certain information requested by Appellants under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. For the reasons stated below, Appellants respectfully request that their appeal be granted and that the requested information be disclosed.

        On August 20, 2007, Appellants submitted a FOIA request ("FOIA Request") to NPS for information related to the Taunton River Stewardship Plan and Wild and Scenic River Designation (2005) (the "Plan") and the Taunton Wild and Scenic River Study 2007 (the "Study"). This request was assigned FOIA #07-72 by the agency. A copy of the FOIA Request is attached as Exhibit A.

        NPS replied to the FOIA Request in a letter dated October 26, 2007 signed by Northeast Regional Director, Dennis R. Reidenbach. The agency's response referenced approximately three-thousand (3,000) pages of material that NPS identified as responsive to Appellants' request, but claimed that approximately six-hundred and forty (640) of these pages are exempt from disclosure pursuant to FOIA Exemption 5. 5 U.S.C. § 552(b)(5) (2007). A copy of this response is attached as Exhibit B. As contemplated by 43 C.F.R. § 2.28, in a letter dated November 21, 2007, Appellants attempted to address their concerns about the responsiveness of the October 26 reply directly with NPS, but as of the date of this appeal have not received a response. A copy of this communication is attached as Exhibit C.

        Appellants appeal the agency's response pursuant to FOIA, 5 U.S.C. § 552(a)(6) (2007), and the Department of the Interior's regulations, 43 C.F.R. § 2.30 (2007), on the following grounds:

**BAKER BOTTS** LLP

- 2 -                                                                December 4, 2007

1.    NPS failed to produce communications between itself and other entities not covered by any exemptions to FOIA.

2.    NPS failed to identify the specific material or records withheld in its response.

3.    There is no indication that NPS attempted to segregate and release significant factual information contained in the materials that it claims are exempted by 5 U.S.C. § 552(b)(5).

## 1.    NPS Failed to Release Communications Not Exempted from FOIA.

NPS's response lacked certain documents believed to be within the agency's possession. NPS provided no correspondence between itself and outside groups including concerned citizens, public interest groups, state and local agencies, legislators, and businesses in a major, well-publicized matter. With only a few exceptions, the materials provided by NPS contain no communications expressing support or opposition to the designation of the Taunton River as a "Wild and Scenic River" or any other issues related to the Study or the Plan. The dearth of these sorts of communications within the released materials raises the question 1) whether the search conducted by NPS was reasonable in light of Appellants' request, and 2) whether the agency has improperly withheld the communications described above under the deliberative process exemption cited in its response.

In their initial FOIA request, Appellants requested all correspondences sent and received by NPS concerning the Plan and the Study from January 1, 1999 to August 20, 2007. See Exhibit A. This request inherently includes those communications sent in support or opposition to issues relating to the Plan or the Study. A federal agency faced with a FOIA request must make a reasonable attempt to locate documents responsive to the request. See Campbell v. U.S. Department of Justice, 164 F.3d 20, 27 (D.C. Cir. 1998) (noting that an agency must search "using reasonable methods which can be reasonably expected to produce the information requested.") (quoting Oglesby v. U.S. Department of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990)). NPS should have made a thorough search of its correspondence files and released all communications not properly protected by a FOIA exemption. The paucity of communications between NPS and the public suggests that the agency may not have consulted the proper files, and thus may not have conducted a reasonable search according to the Appellants' request. The agency should disclose the manner in which it performed the search in response to Appellants' FOIA request, including the specific agency files consulted and the amount of time spent conducting the search. This disclosure may help to address some of Appellants' concerns. See Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982) ("In considering a challenge to an agency's retrieval procedures, a reviewing court must thus determine whether the materials [describing the search] submitted by the agency satisfactorily demonstrate the apparent adequacy of the search conducted.").

Alternatively, NPS may be improperly withholding communications that are not covered by the "deliberative process" exemption. In order to qualify for the deliberative process exemption of 5 U.S.C. § 552(b)(5), communications must be "intra-agency or inter-agency." Thus, the exemption only applies to communications within NPS, or between NPS and other

**BAKER BOTTS** LLP

- 3 -                                                                                    December 4, 2007

federal agencies.  See People for the American Way Foundation v. U.S. Department of Education, Civil Action No. 05-751, 2007 WL 2800387 at *6 (D.D.C. Sept. 26, 2007).  Thus, communications between a federal agency and state or local officials are not subject to the deliberative process exemption.  While intra-agency status has been applied, on a limited basis, to agency communications with various outside "consultants," the Supreme Court has stated that such consultants have typically "not communicated with the Government in their own interest or on behalf of any person or group whose interests might be affected by the Government action addressed by the consultant." U.S. Department of the Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 3, 121 S.Ct. 1060, 1063 (2001) (finding that the position of an Indian tribe seeking water rights adverse to other potential claimants was a "far cry from that of a paid consultant."); People for the American Way, 2007 WL 2800387 at *9 (holding that the District of Columbia Mayor's Office was not a "consultant" for the deliberative process exemption where it represented interested constituencies in its dealings with the federal agency).  Appellants also note that Congress is explicitly exempted from the definition of an "agency" in the statutory definitions governing FOIA.  5 U.S.C. § 551(1)(A) (2007).  Communications between NPS and Members of Congress cannot be considered "inter-agency" communications for the purpose of the deliberative process exemption and therefore any such communications must be released.  See Dow Jones & Co. v. U.S. Department of Justice, 917 F.2d 571, 574 (D.C. Cir. 1990).  As discussed below, a full disclosure of the identity of specific records or materials withheld would greatly facilitate the determination of whether the agency has properly invoked the exemption and could avoid continued litigation in the matter.

      2.     **NPS Failed to Identify Specific Records or Materials Withheld from the Response**

      Although NPS withheld more than six-hundred pages of material from its response, it declined to offer any further information about the identity of the individual documents it claimed were exempt from disclosure.  An adequate index identifying these materials would include enough information to specifically describe each withheld document such as the name of the document, its author and intended recipient, and a brief reference to the subject discussed.[1]  While Appellants do not contend that the law compels NPS to submit a detailed index of the documents that it withheld at this stage, as discussed below, such an effort may well be warranted in this instance.  Accordingly, Appellants request that the agency be compelled to provide such an index or an index with comparable identifying information.

      Several policy considerations dictate the appropriateness of an index of the withheld documents at this stage of the administrative process.  First, the Department of the Interior's own guidelines favor disclosure of the identity of withheld documents.  In the department's FREEDOM OF INFORMATION HANDBOOK, 383 DM 15, Illustration 13, (2004), the department suggests that when an agency withholds documents based upon the deliberative process exemption, it should "identify specific material or records withheld." Id.  Second, it is important that citizens denied access to government documents be able to adequately test the withholding agency's claims of exemption, even at the administrative level.  See Mead Data

---

[1] Such an instrument is commonly referred to as a Vaughn Index.  See Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973) cert. denied Rosen v. Vaughn, 415 U.S. 977 (1974)

**BAKER BOTTS** LLP

- 4 -

December 4, 2007

<u>Central, Inc. v. U. S. Department of the Air Force</u>, 566 F.2d 242, 251 (D.C. Cir. 1977) aff'd 575 F.2d 932 (D.C. Cir. 1978). ("[T]he objective of the Vaughn [Index] requirements, to permit the requesting party to present its case effectively, is equally applicable to proceedings within the agency.") (internal citations omitted). The release of an index identifying the specific materials or documents withheld will greatly assist Appellants in their evaluation of the adequacy of NPS disclosures and could potentially obviate the need for further litigation in this matter.

Finally, as a matter of prudence, requiring NPS to compile the equivalent of a Vaughn Index at this stage of the administrative appeals process would be administratively efficient as it would accomplish a task that will be required of the agency in the near future if Appellants are unable to obtain an adequate resolution in this administrative appeal. The next step is to file suit in federal district court pursuant to 5 U.S.C. § 552(a)(4)(B). As is often the case in such suits, the defendant agency will be expected to file a motion for summary judgment. In order to support a summary judgment motion, it is quite likely that NPS will have to prepare a Vaughn Index. Releasing the index at this stage could potentially avert the necessity for further litigation altogether.

### 3.    NPS Failed to Segregate and Release Factual Information

FOIA requires federal agencies to release those portions of exempted documents that do not themselves qualify as exempted material. "Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. 552(b) (2007). The Department of the Interior's regulations also require that the agency make this effort. 43 C.F.R. § 2.21(c) (2007) ("Where a document contains both exempt and nonexempt material, the bureau will generally separate and release the nonexempt information.") The Supreme Court has recognized a distinction between "materials reflecting deliberative or policymaking processes on the one hand, and purely factual, investigative matters on the other." <u>U.S. Envt'l Protection Agency v. Mink</u>, 410 U.S. 73, 89 (1973); <u>see also People for the American Way Foundation v. National Park Service</u>, 503 F.Supp.2d 284, 301 (D.D.C. 2007) (holding that a list of "potential experts" utilized for consultation on historical accuracy by NPS was purely factual and not subject to the deliberative process exemption).

In contrast to this obligation imposed by the clear statement of the law, NPS failed even to attempt to segregate and release factual material contained in the documents it has withheld. Nowhere in any of the material released to Appellants does there appear any redacted sections, partial deletions, truncations, or any other indications that the agency has attempted to segregate and release non-exempt portions of exempt documents. Neither has NPS offered to explain why it has not segregated and released factual portions of documents it has claimed are exempt. Since NPS failed to comply with FOIA's segregation requirements, the presumption must be that the agency has withheld entire documents irrespective of the non-exempt, factual nature of material within those documents. Ultimately, the agency will bear the burden of demonstrating that no segregable, factual information exists in the documents it has withheld. <u>Army Times Pub. Co. v. U.S. Department of the Air Force</u>, 998 F.2d 1067, 1071 (D.C. Cir.

**BAKER BOTTS** LLP

- 5 -                                                          December 4, 2007

1993). Since there is no evidence that the agency attempted to segregate factual material, the agency cannot carry this burden.

For the reasons stated above, Appellants respectfully request that the appeals officer grant their appeal and order NPS to release the factual portion of all documents responsive to Appellants' request and all documents that the agency has improperly withheld under FOIA Exemption 5. Additionally, Appellants request that NPS be directed to exercise its discretion and disclose the identity of the specific documents and materials withheld and provide a description of the methods used to locate the documents provided in its initial FOIA response.

In accordance with 5 U.S.C. § 552(a)(6)(A)(ii) and 43 C.F.R. § 2.32, Appellants anticipate a reply to this letter of appeal within twenty (20) working days of its receipt. Appellants would welcome the opportunity to discuss the request and this appeal. Communications should be directed as follows:

Bruce F. Kiely                          John Bentley
Jerrod Harrison                         Weaver's Cove Energy, LLC
Baker Botts L.L.P.                      One New Street
1299 Pennsylvania Avenue, N.W.          Fall River, MA 02720
Washington, D.C. 20004-2400             Telephone: (508) 675-9470
Telephone: (202) 639-7711               Fax: (508) 675-9473
Fax: (202) 585-1035                     E-mail: jbentley@hesslng.com
E-mail: bruce.kiely@bakerbotts.com

Respectfully submitted,

Bruce F. Kiely
Attorney for
Weaver's Cove Energy, LLC, and
Mill River Pipeline, LLC

cc:     Gordon Shearer, CEO, Weaver's Cove Energy, LLC
        Ted Gehrig, President and COO, Weaver's Cove Energy, LLC

Enclosures

# Attachment F



United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington, D.C. 20240



TAKE PRIDE
IN AMERICA

FOIA Appeal No. 2008-044
IN REPLY REFER TO:

**JAN 0 7 2008**

Bruce F. Kiely
Baker Botts L.L.P.
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400

Dear Mr. Kiely:

This concerns your December 4, 2007 Freedom of Information Act ("FOIA") appeal ("appeal"), which was received by the Department of the Interior ("Department") on December 5, 2007, and filed on behalf of Weaver's cove Energy, LLC and Mill River Pipeline, LLC. The Department has assigned your appeal as **Appeal Number 2008-044.** Please cite this number in any future correspondence you send to the Department regarding this appeal. Your appeal concerns the National Park Service's ("NPS") decision to withhold, pursuant to FOIA exemption (5), documents that are responsive to the August 20, 2007, FOIA request that you filed with it. Your appeal also alleges that the NPS failed to produce "communications between itself and other entities" and that it failed to produce what is commonly referred to as a "Vaughn Index." Your FOIA request sought a variety of documents related to the Taunton River Stewardship Plan, Wild and Scenic River Designation, and Taunton Wild and Scenic Study.

The FOIA requires an agency to make a determination on an appeal within 20 workdays after the receipt of such appeal. *5 U.S.C. § 552(a)(6)(A)(ii).* Due to an extraordinary large number of appeals pending in the Department ahead of yours, the need to fully review the issues you presented in your appeal, and other unforeseen circumstances, the Department is not able to make a determination on your appeal within the time limits set in the FOIA. Therefore, you may seek judicial review under *5 U.S.C. § 552(a)(4)(B).* However, we hope that you will delay filing a lawsuit so that the Department can thoroughly review the issues in your appeal and make a determination. We appreciate your patience to this point and the Department will make every effort to reach a decision on your appeal as soon as possible.

If you have any questions regarding your appeal, please call Judy Herbert at (202) 208-5339.

Sincerely,

Darrell R. Strayhorn
FOIA Appeals Officer
Department of the Interior

# Attachment G

01/15/2008　10:48　617-223-5164　　　　　NATIONAL PARK SVC.　　　　　　PAGE　01/09



**National Park Service**
**U.S. Department of the Interior**

National Park Service
Northeast Region
Boston Office
15 State Street
Boston, MA 02109

617-223-5051 phone
617-223-5164 fax

# Boston Office Fax

**To:** Bruce Kiely

**Fax number:** 202 585 1035

**From:** J. Fosburgh

**Date:**

**Pages to follow:** 8

**Comments:** Re FOIA request

EXPERIENCE YOUR AMERICA
The National Park Service cares for special places saved by the American people so that all may experience our heritage.



**City of Fall River**
**Massachusetts**
Executive Department

Edward M. Lambert, Jr.
*Mayor*

One Government Center
Fall River, MA 02722
Tel. (508) 324-2600
Fax (508) 324-2626
(508) 324-2000 Voice/TDD

August 9, 2004

Mr. Jamie Fosburgh
U.S. Department of the Interior
National Park Service
15 State Street
Boston, MA 02109

**RE:    Weaver's Cove Energy, LLC – Draft Environmental Impact**
**Statement for the Weaver's Cove LNG Project**

Dear Mr. Fosburgh:

I am writing on behalf of the City of Fall River, MA, following the issuance on July 30, 2004 of the DEIS by the Federal Energy Regulatory Commission (FERC) concerning the above project.  We request, prior to the U.S. Department of the Interior taking any position concerning the comments and concerns raised by the Department of the Interior and the FERC's assumptions and conclusions about the lack of significant impacts upon the Taunton River as it relates to its potential designation as a Wild and Scenic River, that we be afforded an opportunity to meet with you and your staff.

The public comment period for the DEIS runs through September 20, 2004 and two public hearings have been scheduled for September 8th and September 9th.  Therefore, there is no need for the Department of the Interior to expedite its considerations of the FERC's assumptions and conclusions, which may deviate significantly from and not adequately address concerns that the Department expressed in previous correspondence to the FERC.

We recently met with representatives from EPA Region 1 to discuss a series of issues, including information sharing with the cooperating federal agencies, as part of an overall, coordinated strategy for reviewing and responding to the DEIS.  We very much believe that the Department of the Interior is integral to this process, given the significant and potentially permanent, adverse impacts that could result from this project upon the Taunton River, a potential Wild & Scenic River.



### City of Fall River, Massachusetts - EXECUTIVE DEPARTMENT

We would also point out, as we did to EPA, that this DEIS represents the first project to be implemented in New England under the FERC's accelerated "pre-NEPA filing process," which decreases the period for cooperating agency reviews by 6 – 8 months when compared to traditional NEPA review. The manner in which the FERC addresses the concerns and conclusions of cooperating agencies and other interested parties in this filing will set a precedent in this region for all future, expedited NEPA reviews.

We therefore request that the Department of the Interior, prior to adopting any substantive or procedural posture relative to the DEIS, schedule a meeting with representatives from the City of Fall River to discuss this matter.

Sincerely,

Edward M. Lambert, Jr.
Mayor

Cc:

Brian Valiton, Regulatory Permits
United States Army Corps of Engineers, New England District
696 Virginia Road
Concord, MA 01742-2751

Betsy Higgins
United States Environmental Protection Agency, Region 1
Mail Code RAA
One Congress Street, Suite 1100
Boston, MA 02114

Paul Diodati
Massachusetts Division of Marine Fisheries
251 Causeway Street, Suite 400
Boston, MA 02114

Alex Strysky
Massachusetts Office of Coastal Zone Management
251 Causeway Street, Suite 900
Boston, MA 02114

FEDERAL ENERGY REGULATORY COMMISSION
WASHINGTON, DC 20426

OFFICE OF ENERGY PROJECTS

In Reply Refer To:
OEP/DG2E/Gas 1
Weaver's Cove Energy, L.L.C. and
Mill River Pipeline, L.L.C.
FERC Docket Nos. CP04-36-000
CP04-41-000

July 30, 2004

Jamie Fosburgh
U.S. Department of the Interior
National Park Service
15 State Street
Boston, MA 02109-3572

Re:   Draft Environmental Impact Statement for the Weaver's Cove LNG Project

Dear Mr. Fosburgh:

Enclosed for your review is the Draft Environmental Impact Statement for the
Weaver's Cove LNG Project. Specifically, I would like to direct your attention to section
4.8.6.1 and the discussion of the Wild and Scenic River Program as it relates to the
portion of the Taunton River affected by the above referenced project. Based on the
information presented, the Federal Energy Regulatory Commission has concluded that
construction and operation of the proposed project would not have a substantial adverse
affect on the Taunton River's potential designation as a Wild and Scenic River. I am
requesting your concurrence with this conclusion or your specific comments so that we
can complete our environmental analysis of the project.

If you have any questions or would like to discuss the project, feel free to call me
at 202-502-6177 or contact me by e-mail at rich.mcguire@ferc.gov. Thank you in
advance for your assistance.

Sincerely,

Rich McGuire
Environmental Project Manager

Enclosure

cc:   Public File, Docket Nos. CP04-36-000 and CP04-41-000 (w/o Enclosure)

-2-

J. Keith Everett
U.S. Department of the Interior
National Park Service
200 Chestnut Street
Philadelphia, PA 19106

Ted Lemo
US Army Corps of Engineers
New England District
696 Virginia Road
Concord, MA 01742-2751

CITY OF FALL RIVER
MAYOR'S OFFICE

2004 AUG -6  AH 10: 30

01/15/2008  10:48    617-223-5164              NATIONAL PARK SVC.                              PAGE  05/09
Aug-10-04  09:30   From-Rep Barney Frank              202-225-0182        T-489  P.002/002  F-331



# Congress of the United States
## House of Representatives
### Washington, DC 20515

August 9, 2004

Mr. Jamie Fosburgh
U.S. Department of the Interior
National Park Service
15 State Street
Boston, MA  02109-3572

Dear Mr. Fosburgh:

We are writing with regard to the July 30 notice provided by the Federal Energy Regulatory Commission to the National Park Service regarding the Draft Environmental Impact Statement for the Weaver's Cove Liquefied Natural Gas Project.  Given the high level of public interest in this project in the greater Fall River area, we believe it is essential that any federal agency review of the proposal be as thorough as possible.  Accordingly, we urge you to take whatever steps are necessary to ensure that a comprehensive review is conducted of FERC's findings in the draft EIS regarding the issues that fall within your agency's area of expertise.

Thank you for your attention to this matter.  We look forward to your response.

Rep. Barney Frank

Rep. James P. McGovern

PRINTED ON RECYCLED PAPER

OCT.11.2006   2:40PM                                        NO.779    P.2/3

# United States Senate
### WASHINGTON, DC 20510

October 11, 2006

The Honorable Dirk Kempthorne
Secretary of the Interior
1849 C Street, N.W.
Washington, D.C. 20240

Dear Secretary Kempthorne:

We respectfully request your assurance that the Department of Interior's findings with respect to the environmental impacts from the proposed Weaver's Cove Liquefied Natural Gas (LNG) terminal project will be reflected in the permitting of the project. Strong protections are necessary to protect fisheries in the Taunton River, Mount Hope Bay, and Narragansett. We seek your assurance in this matter in light of allegations that Weaver's Cove is resisting the Department's dredging restrictions, and the recently-announced investigation by the Office of the Inspector General into possible violations of the public trust by agency personnel on behalf of energy interests.

The siting of the LNG Project in Fall River is an issue of great concern to the people of both Rhode Island and Massachusetts. LNG tankers would cross Narragansett and Mount Hope Bays 100 to 140 times annually, or an average of once every three days, and serious environmental harm could result from dredging and from the ballast water.

The Narragansett Bay Estuary, which includes the Mount Hope Bay that is economically important to our states and critical to the health of the ecosystem. Ballast water from tankers Estuary of National Significance, and supports numerous wildlife and marine species, including the Kemp's Ridley Sea Turtle, a federally-endangered species of sea turtle. It also supports shellfish habitat, and both Narragansett Bay and the Taunton River support important national fisheries such as winter flounder.

Dredging for Weaver's Cove could remove more than 3.1 million cubic yards of sediment, with the majority of the sediment being dumped in Rhode Island Sound. The disturbance, re-suspension, and disposal of polluted sediments will harm water quality in Narragansett Bay, negatively affect Essential Fish Habitat, and disturb the Bay's ecosystem.

It would harm the entrainment of fish eggs and larvae from a fishery that is economically important to our states and critical to the health of the ecosystem. Ballast water from tankers could introduce new invasive species into the Bay. Aquatic invasive species are second only to habitat destruction as a cause of permanent losses in the biological diversity of aquatic ecosystems in the United States, and ballast water from ships is the primary means for these species to enter our waters.

Correspondence by Department officials indicates that the agency also shares significant concerns about this project. For example, in a July 5, 2005 letter to the Federal Energy Regulatory Commission, Mr. Willie Taylor, Director of the Office of Environmental Policy

and Compliance, stated that the Department of Interior does not feel that the Weaver's Cove LNG project can be made compatible with the Wild and Scenic River designation of the lower Taunton River. The letter further states that the Department could not make a finding of no adverse impact related to the potential designation. The letter also highlighted the need to protect important fishery resources of the Taunton River.

In a February 7, 2006 letter to the U.S. Army Corps of Engineers, Mr. William J. Neidermyer, Assistant Supervisor for Federal Activities in the Department's New England Field Office, reiterated the Department's concerns with the need to protect fishery resources and the wild and scenic river values of the Taunton River. The letter stated, "the dredging for this project would have unacceptable adverse impacts to the anadromous fishery resources in the Taunton River. Without time-of-year restrictions for both upstream and downstream migrations, we continue to recommend that this application be denied."

Department officials have obviously raised serious concerns about the environmental impacts of this project, and we urge you to ensure that the conclusions in these letters are reflected in the federal permitting decisions for the Weaver's Cove LNG Project.

Thank you for your consideration. We look forward to your response.

Sincerely,

Jack Reed                    Edward M. Kennedy                    John F. Kerry


cc: David M. Verhey, Principal Deputy Assistant Secretary for Fish, Wildlife, and Parks

FEDERAL ENERGY REGULATORY COMMISSION
WASHINGTON, D.C. 20426

OFFICE OF ENERGY PROJECTS

In Reply Refer To:
OEP/DG2E/Gas 1
Weaver's Cove Energy, L.L.C. and
Mill River Pipeline, L.L.C.
FERC Docket Nos.  CP04-36-000
                                    CP04-41-000

July 30, 2004

Jamie Fosburgh
U.S. Department of the Interior
National Park Service
15 State Street
Boston, MA 02109-3572

Re:    **Draft Environmental Impact Statement for the Weaver's Cove LNG Project**

Dear Mr. Fosburgh:

Enclosed for your review is the Draft Environmental Impact Statement for the Weaver's Cove LNG Project.  Specifically, I would like to direct your attention to section 4.8.6.1 and the discussion of the Wild and Scenic River Program as it relates to the portion of the Taunton River affected by the above referenced project.  Based on the information presented, the Federal Energy Regulatory Commission has concluded that construction and operation of the proposed project would not have a substantial adverse affect on the Taunton River's potential designation as a Wild and Scenic River.  I am requesting your concurrence with this conclusion or your specific comments so that we can complete our environmental analysis of the project.

If you have any questions or would like to discuss the project, feel free to call me at 202-502-6177 or contact me by e-mail at rich.mcguire@ferc.gov.  Thank you in advance for your assistance.

Sincerely,

Rich McGuire
Environmental Project Manager

Enclosure

- 2 -

cc:    Public File, Docket Nos. CP04-36-000 and CP04-41-000 (w/o Enclosure)

J. Keith Everett
U.S. Department of the Interior
National Park Service
200 Chestnut Street
Philadelphia, PA  19106

Ted Lento
US Army Corps of Engineers
New England District
696 Virginia Road
Concord, MA  01742-2751

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| WEAVER'S COVE ENERGY LLC | DEPARTMENT OF THE INTERIOR and NATIONAL PARK SERVICE |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____88888_____
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)** _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Bruce F. Kiely
Joshua A. Klein
Baker Botts L.L.P.
The Warner
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
(202) 639-7700

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

● 2 U.S. Government Defendant

○ 3 Federal Question
(U.S. Government Not a Party)

○ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**      OR      ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ◉ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 U.S.C. § 552. Action for declaratory and injunctive relief to order the production of certain records.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____  Check YES only if demanded in complaint
JURY DEMAND: YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 1/22/2008   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.